**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OGORGEOUS INC. d/b/a POPFLEX,<br><br>     Plaintiff,<br><br>v.<br><br>jian ou shi ku lei xi mao yi you xian gong si d/b/a CRESAY STORES AND Shufan Qiu d/b/a MEOW MEOW LACE<br><br>     Defendants. | **Case No. 25-cv-6194**<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff oGorgeous Inc. d/b/a Popflex ("Plaintiff") hereby brings this design patent infringement action against Defendants jian ou shi ku lei xi mao yi you xian gong si d/b/a Cresay Stores ("Cresay") and Shufan Qiu d/b/a Meow Meow Lace ("Meow") (each, a "Defendant," and collectively, "Defendants"), and in support of the same alleges as follows:

## NATURE OF THE ACTION

2. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

## THE PARTIES

3. Plaintiff is a corporation organized under the laws of the state of Texas, having a principal place of business at 300 Beardsley Ln Ste C101 Austin, TX, 78746-4949.

4. Plaintiff is the owner by assignment of, and has the right to sue for infringement of, U.S. Design Patent No. D1,010,983 (the "'983 Patent"). A true and correct copy of the '983 Patent is attached hereto as Exhibit 1.

5.     Plaintiff is the owner by assignment of, and has the right to sue for infringement of, U.S. Design Patent No. D1,063,307 (the "'307 Patent").  A true and correct copy of the '307 Patent is attached hereto as Exhibit 2.

6.     Upon information and belief, Defendant Cresay is a Chinese entity named jian ou shi ku lei xi mao yi you xian gong si with a principal place of business at No. 82, Zhishan Mill, Jianou City, Nanping City, Jianou, Fujia Province, 353100, China.

7.     Upon information and belief, Defendant Meow is a Chinese entity named Shufan Qiu with a principal place of business at Tianhe District, Henguang Road, Room A21, 3rd Floor, No. 137, Guangzhou City, Guangdong Province, China.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

9.     This Court may properly exercise personal jurisdiction over Cresay since Cresay directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Amazon.com storefront at https://www.amazon.com/stores/CRESAY/page/1A434FE1-0B49-4696-9048-3999EE19BC64 (the "Cresay Storefront").

10.     Specifically, Cresay is reaching out to do business with Illinois residents by operating the Cresay Storefront through which Illinois residents can purchase (and do purchase) Cresay Infringing Products (as that term is defined below).

11.    Defendant Cresay has targeted sales from Illinois residents by operating an online store—the Cresay Storefront—that offers shipping to the United States, including Illinois, and accepts payment in U.S. dollars.

12.    Defendant Cresay has sold Cresay Infringing Products to residents of Illinois via the Cresay Storefront.

13.    Defendant Cresay is therefore committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

14.    The Court's exercise of jurisdiction over Defendant Cresay will not offend traditional notions of fair play and substantial justice.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, Cresay is a Chinese entity.

16.    This Court may properly exercise personal jurisdiction over Meow since Meow directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Amazon.com storefront at https://www.amazon.com/s?srs=14830624011 (the "Meow Storefront").

17.    Specifically, Defendant Meow is reaching out to do business with Illinois residents by operating the Meow Storefront through which Illinois residents can purchase (and do purchase) Meow Infringing Products (as that term is defined below).

18.    Defendant Meow has targeted sales from Illinois residents by operating an online store—the Meow Storefront—that offers shipping to the United States, including Illinois, and accepts payment in U.S. dollars.

19.    Defendant Meow has sold Meow Infringing Products to residents of Illinois via the Meow Storefront.

20.     Defendant Meow is therefore committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

21.     The Court's exercise of jurisdiction over Defendant Meow will not offend traditional notions of fair play and substantial justice.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, Meow is a Chinese entity.

23.     On information and belief, Defendants are individuals and/or business entities of unknown makeup who own and/or operate the e-commerce stores as Cresay and Meow.  On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

24.     On information and belief, tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint and any attempts to serve Defendants based on the same.

## BACKGROUND

25.     Plaintiff sells a large catalog of products on its branded website: https://www.popflex.com.

26.     Among other products, Plaintiff sells products that practice the '983 and '307 Patents at.  Plaintiff's patent-practicing products, which practice the '983 and '307 Patents, can be

seen at, for example, the following URL: https://www.popflexactive.com/collections/pirouette-skorts:



27.     Plaintiff virtually marks its patent practicing Pirouette skorts with the '983 and '307 Patents via its patent marking website at https://www.popflexactive.com/pages/patents:



28.     Plaintiff also actually physically marks its practicing Pirouette skort products with at least the '983 Patent:



29.     On information and belief, Defendant Cresay's corporate name is jian ou shi ku lei xi mao yi you xian gong si.  However, on information and belief, Cresay does business on https://www.amazon.com as "Cresay."

30.     Defendant Cresay operates an Amazon.com storefront under the "Cresay" brand at the following URL:  https://www.amazon.com/stores/CRESAY/page/1A434FE1-0B49-4696-9048-3999EE19BC64.  The Cresay Storefront can be seen below:



31.     Cresay intends that its Cresay-branded store appears to be selling genuine products. However, unbeknownst to consumers, Cresay's Amazon.com storefront is, in fact, selling products that infringe Plaintiff's patents.  Plaintiff is thus forced to file this action to combat Defendant Cresay's infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing products that infringe Plaintiff's patents, including the '983 and '307 Patents, on Amazon.com.

32.     Cresay sells an infringing skort product on Amazon.com.  For example, Defendant Cresay sells an infringing skort product on Amazon.com at the following URL: https://www.amazon.com/Cresay-Pleated-Waisted-Running-Pockets-Purple-L/dp/B0F1Y8BCW8?ref_=ast_sto_dp&th=1&psc=1:



33. On information and belief, Cresay sells infringing products at the following URLs and having the Amazon Seller Identification Numbers ("ASINs") shown in the following table. Collectively, the products sold at the following URLs and/or having the following ASINs (as well as any substantially identical items that Cresay sells in the future or has sold in the past with different ASINs) are referred to as the "Cresay Infringing Products."

| Cresay Amazon.com URLs | Cresay ASIN |
|---|---|
| https://amazon.com/dp/B0D52ZSM83 | B0D52ZSM83 |
| https://amazon.com/dp/B0D533VKX1 | B0D533VKX1 |
| https://amazon.com/dp/B0D53P518H | B0D53P518H |
| https://amazon.com/dp/B0D53HCZHW | B0D53HCZHW |
| https://amazon.com/dp/B0D53DG338 | B0D53DG338 |
| https://amazon.com/dp/B0D537J67J | B0D537J67J |
| https://amazon.com/dp/B0D52FM3KS | B0D52FM3KS |
| https://amazon.com/dp/B0D53DHFYB | B0D53DHFYB |
| https://amazon.com/dp/B0D53LJ6X1 | B0D53LJ6X1 |
| https://amazon.com/dp/B0D538YT42 | B0D538YT42 |
| https://amazon.com/dp/B0D53B4Z9Z | B0D53B4Z9Z |
| https://amazon.com/dp/B0D53D4YM7 | B0D53D4YM7 |
| https://amazon.com/dp/B0F3SX6P9W | B0F3SX6P9W |
| https://amazon.com/dp/B0F3T79QQY | B0F3T79QQY |
| https://amazon.com/dp/B0F3T9R989 | B0F3T9R989 |
| https://amazon.com/dp/B0F3T9WN3J | B0F3T9WN3J |

| | |
|---|---|
| https://amazon.com/dp/B0F3TBZHG2 | B0F3TBZHG2 |
| https://amazon.com/dp/B0F3TKVT84 | B0F3TKVT84 |
| https://amazon.com/dp/B0F3TCH39F | B0F3TCH39F |
| https://amazon.com/dp/B0F3TDXRLH | B0F3TDXRLH |
| https://amazon.com/dp/B0D53GSZB2 | B0D53GSZB2 |
| https://amazon.com/dp/B0D53LKNSN | B0D53LKNSN |
| https://amazon.com/dp/B0D53GV4H8 | B0D53GV4H8 |
| https://amazon.com/dp/B0D53BHFW6 | B0D53BHFW6 |
| https://amazon.com/dp/B0D53LLR2D | B0D53LLR2D |
| https://amazon.com/dp/B0D53GTG1P | B0D53GTG1P |
| https://amazon.com/dp/B0D53Q42TN | B0D53Q42TN |
| https://amazon.com/dp/B0D52XF3T5 | B0D52XF3T5 |
| https://amazon.com/dp/B0F3THV7SX | B0F3THV7SX |
| https://amazon.com/dp/B0F3TD5HFS | B0F3TD5HFS |
| https://amazon.com/dp/B0F3TFGKHJ | B0F3TFGKHJ |
| https://amazon.com/dp/B0F3TGT71T | B0F3TGT71T |
| https://amazon.com/dp/B0F1Y7WQRQ | B0F1Y7WQRQ |
| https://amazon.com/dp/B0F1Y7NMF2 | B0F1Y7NMF2 |
| https://amazon.com/dp/B0F1Y8BCW8 | B0F1Y8BCW8 |
| https://amazon.com/dp/B0F1Y7V223 | B0F1Y7V223 |
| https://amazon.com/dp/B0D53GZ676 | B0D53GZ676 |
| https://amazon.com/dp/B0F1Y7NMF2 | B0F1Y7NMF2 |
| https://amazon.com/dp/B0F1Y8BCW8 | B0F1Y8BCW8 |
| https://amazon.com/dp/B0F1Y7V223 | B0F1Y7V223 |

34.     Defendant Cresay is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the '983 and '307 Patents.

35.     Defendant Cresay, without any authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the '983 and '307 Patents, and continues to do so via the Cresay Storefront and at the Cresay Amazon.com URLs referenced in the table above.

36.     Defendant Cresay's infringement of the '983 and '307 Patents, including the offering for sale and sale of the Infringing Products in Illinois, is irreparably harming Plaintiff.

37.     On information and belief, Meow's corporate name is Shufan Qiu.  However, on information and belief, Meow does business on https://www.amazon.com as "Meow."

38.     For example, Defendant Meow operates an Amazon.com storefront as Meow at the following URL: https://www.amazon.com/s?i=merchant-items&me=A5NQMC5H2H0WE.   The Meow Storefront can be seen below:



39.     Meow intends that its Meow-branded store appears to be selling genuine products. However, unbeknownst to consumers, Meow's Amazon.com storefront is, in fact, selling products that infringe Plaintiff's patents.   Plaintiff is thus forced to file this action to combat Meow's infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing products that infringe Plaintiff's patents, including the '983 and '307 Patents, on Amazon.com.

40.     Meow sells an infringing skort product on Amazon.com.  For example, Defendant Meow sells an infringing skort product on Amazon.com at the following URL: https://www.amazon.com/Womens-Pleated-Waisted-Running-Pockets/dp/B0DHRLF9P6/?th=1&psc=1:



41. On information and belief, Meow sells infringing products at the following URLs and having the ASINs shown in the following table. Collectively, the products sold at the following URLs and/or having the following ASINs (as well as any substantially identical items that Meow sells in the future or has sold in the past with different ASINs) are referred to as the "Meow Infringing Products."

| Meow Amazon.com URLs | Meow ASIN |
|---|---|
| https://amazon.com/dp/B0DHRMWMW1 | B0DHRMWMW1 |
| https://amazon.com/dp/B0DHRLWNW9 | B0DHRLWNW9 |
| https://amazon.com/dp/B0DHRQC71N | B0DHRQC71N |
| https://amazon.com/dp/B0DHRN1WV2 | B0DHRN1WV2 |
| https://amazon.com/dp/B0DHRMGNGD | B0DHRMGNGD |
| https://amazon.com/dp/B0DHRPKRXF | B0DHRPKRXF |
| https://amazon.com/dp/B0DHRNNKDD | B0DHRNNKDD |
| https://amazon.com/dp/B0DHRLDJCV | B0DHRLDJCV |
| https://amazon.com/dp/B0DHRKNFCD | B0DHRKNFCD |
| https://amazon.com/dp/B0DHRN8G2P | B0DHRN8G2P |
| https://amazon.com/dp/B0DHRLMBMF | B0DHRLMBMF |
| https://amazon.com/dp/B0DHRN19CS | B0DHRN19CS |
| https://amazon.com/dp/B0F2SHD9TN | B0F2SHD9TN |
| https://amazon.com/dp/B0F2SJ8MHB | B0F2SJ8MHB |
| https://amazon.com/dp/B0F2S96BCF | B0F2S96BCF |
| https://amazon.com/dp/B0F2SS25VH | B0F2SS25VH |
| https://amazon.com/dp/B0F2SCDLXN | B0F2SCDLXN |
| https://amazon.com/dp/B0F2SMK7JJ | B0F2SMK7JJ |

| | |
|---|---|
| https://amazon.com/dp/B0F2S7Z92F | B0F2S7Z92F |
| https://amazon.com/dp/B0F2SLKK1W | B0F2SLKK1W |
| https://amazon.com/dp/B0DHRNGN81 | B0DHRNGN81 |
| https://amazon.com/dp/B0DHRMZB7W | B0DHRMZB7W |
| https://amazon.com/dp/B0DHRNP823 | B0DHRNP823 |
| https://amazon.com/dp/B0DHRLFWCJ | B0DHRLFWCJ |
| https://amazon.com/dp/B0DHRLF9P6 | B0DHRLF9P6 |
| https://amazon.com/dp/B0DHRMPDKX | B0DHRMPDKX |
| https://amazon.com/dp/B0DHRM7NRF | B0DHRM7NRF |
| https://amazon.com/dp/B0DHRMYHTQ | B0DHRMYHTQ |
| https://amazon.com/dp/B0DHRPKTJK | B0DHRPKTJK |
| https://amazon.com/dp/B0DHRLKBZ3 | B0DHRLKBZ3 |
| https://amazon.com/dp/B0DHRMSQ3N | B0DHRMSQ3N |
| https://amazon.com/dp/B0DHRNJQ4T | B0DHRNJQ4T |
| https://amazon.com/dp/B0F2SC1TBJ | B0F2SC1TBJ |
| https://amazon.com/dp/B0F2STPR53 | B0F2STPR53 |
| https://amazon.com/dp/B0F2SQRL6T | B0F2SQRL6T |
| https://amazon.com/dp/B0F2SCRWQK | B0F2SCRWQK |
| https://amazon.com/dp/B0F2S36PMG | B0F2S36PMG |
| https://amazon.com/dp/B0F2SB45QM | B0F2SB45QM |
| https://amazon.com/dp/B0F2SGBTVR | B0F2SGBTVR |
| https://amazon.com/dp/B0F2SFX549 | B0F2SFX549 |

42.     Defendant Meow is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the '983 and '307 Patents.

43.     Defendant Meow, without any authorization or license from Plaintiff, has offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe the '983 and '307 Patents, and continues to do so via the Meow Storefront and at the Meow Amazon.com URLs referenced in the table above.

44.     Defendant Meow's infringement of the '983 and '307 Patents, including the offering for sale and sale of the Infringing Products in Illinois, is irreparably harming Plaintiff.

45.     On information and belief, and as evidenced by the near identity of the Cresay Infringing Products and the Meow Infringing Products, Cresay and Meow source their respective infringing products from the same place.

12

46.     This is further confirmed by the fact that Cresay and Meow sell Infringing Products in the identical colorways, as shown by the screen shots below, further indicates that they are sourcing their infringing products from the same place:

 

47.     Indeed, the packaging of the Cresay and Meow products is nearly identical as received by a customer in Illinois, with each product indicating that the Model Number (Chinese characters 款号) is the same:  E24D0508.  This indicates that the source of the products (while sold into the United States by Defendants) is indeed the same.

 

48.     Accordingly, maintaining the instant lawsuit against both Cresay and Meow is proper, and reflects the only meaningful way to efficiently address the irreparable harm being caused to Plaintiff by virtue of the sale of the Cresay Infringing Products and the Meow Infringing Products.

**COUNT I**
**CRESAY'S INFRINGEMENT OF THE '983 PATENT**

49.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 48 above as if set forth fully herein.

50.     Defendant Cresay offers for sale, sells, and/or imports into the United States for subsequent sale or use the Cresay Infringing Products.

51.     The Cresay Infringing Products infringe the ornamental design claimed in the '983 Patent, as shown below:

| '983 Patent | Cresay Infringing Products |
|:---:|:---:|
|  | |
| Fig. 1 | Image from https://www.amazon.com/dp/B0F1Y7WQRQ |

52.     To an ordinary observer, the Cresay Infringing Products are substantially the same as the design patented in the '983 Patent.

53.     Defendant Cresay has infringed the '983 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

54.     Defendant Cresay's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

55.     Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant Cresay and all others acting in active concert therewith from infringing the '983 Patent, Plaintiff will continue to be irreparably harmed.

56.     Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '983 Patent, at the website https://www.popflexactive.com/pages/patents, and by actually marking its practicing products with at least the '983 Patent.

57.     Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Defendant Cresay's profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### COUNT II
### CRESAY'S INFRINGEMENT OF THE '307 PATENT

58.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 57 above as if set forth fully herein.

59.     Defendant Cresay offers for sale, sells, and/or imports into the United States for subsequent sale or use the Cresay Infringing Products.

60.     The Cresay Infringing Products infringe the ornamental design claimed in the '307 Patent, as shown below:

15

| '307 Patent | Cresay Infringing Products |
|:---:|:---:|
| <br>Fig. 1 | Image from<br>https://www.amazon.com/dp/B0F1Y7WQRQ |

61.     To an ordinary observer, the Cresay Infringing Products are substantially the same as the design patented in the '307 Patent

62.     Defendant Cresay has infringed the '307 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

63.     Defendant Cresay's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

64.     Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant Cresay and all others acting in active concert therewith from infringing the '307 Patent, Plaintiff will continue to be irreparably harmed.

65.     Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '307 Patent, at the website https://www.popflexactive.com/pages/patents.

66.     Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Cresay profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT III
## MEOW'S INFRINGEMENT OF THE '983 PATENT

67.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 66 above as if set forth fully herein.

68.     Defendant Meow offers for sale, sells, and/or imports into the United States for subsequent sale or use the Meow Infringing Products.

69.     The Meow Infringing Products infringe the ornamental design claimed in the '983 Patent, as shown below:

| '983 Patent | Meow Infringing Products |
|---|---|
|  Fig. 1 | Image from https://www.amazon.com/dp/B0DHRLF9P6 |

70.     To an ordinary observer, the Meow Infringing Products are substantially the same as the design patented in the '983 Patent.

71.     Defendant Meow has infringed the '983 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

72.     Defendant Meow's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

73.     Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant Meow and all others acting in active concert therewith from infringing the '983 Patent, Plaintiff will continue to be irreparably harmed.

74.     Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '983 Patent, at the website https://www.popflexactive.com/pages/patents, and by actually marking its practicing products with the '983 Patent.

75.     Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT IV**
**MEOW'S INFRINGEMENT OF THE '307 PATENT**

76.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 75 above as if set forth fully herein.

77.     Defendant Meow offers for sale, sells, and/or imports into the United States for subsequent sale or use the Meow Infringing Products.

78.     The Meow Infringing Products infringe the ornamental design claimed in the '307 Patent, as shown below:

| '307 Patent | Meow Infringing Products |
|:---:|:---:|
|  | |
| Fig. 1 | Image from https://www.amazon.com/dp/B0DHRLF9P6 |

79.     To an ordinary observer, the Meow Infringing Products are substantially the same as the design patented in the '307 Patent.

80.     Defendant Meow has infringed the '307 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

81.     Defendant Meow's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

82.     Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant Meow and all others acting in active concert therewith from infringing the '983 Patent, Plaintiff will continue to be irreparably harmed.

83.     Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '307 Patent, at the website https://www.popflexactive.com/pages/patents.

84.     Plaintiff is entitled to recover damages adequate to compensate it for the infringement, including Meow's profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.     offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the '983 Patent;

   b.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '983 Patent;

   c.     offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the '307 Patent;

   d.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '307 Patent; and

   e.     effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a), (b), (c), and (d);

2)     That the Court enter an Order that, upon Plaintiff's request, those in privity and/or in active concert with Defendants, or those with notice of the injunction, including, without

limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Shein, Shopee, Wish.com, Walmart.com, TikTok Shop, Temu, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

        a.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '983 Patent;

        b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the '983 Patent;

        c.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '307 Patent;

        d.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the '307 Patent; and

        e.      take all steps necessary to prevent links to the Cresay Infringing Products and the Meow Infringing Products from displaying in search results, including, but not limited to, removing links to the Cresay Infringing Products or the Meow Infringing Products from any search index;

3)     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the '983 Patent, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the '983 Patent;

4)     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the '307 Patent, including and not

limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the '307 Patent;

5)      That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

6)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7)      That Plaintiff be awarded any and all other relief that this Court deems just and proper.

By:      /s/ *Benjamin E. Weed*
Counsel for oGorgeous Inc.

Benjamin E. Weed
BEW LLC
5336 Lyman Ave.
Downers Grove, IL 60515
ben@bewlawyer.com
(847) 456–1430

Dated:  June 3, 2025