# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| OGORGEOUS INC. d/b/a POPFLEX,<br><br>               Plaintiff,<br>v.<br><br>jian ou shi ku lei xi mao yi you xian gong si<br>d/b/a CRESAY STORES AND Shufan Qiu<br>d/b/a MEOW MEOW LACE<br><br>               Defendants. | **Case No. 25-cv-06194**<br><br>**Hon. LaShonda A. Hunt**<br><br>**Magistrate Judge Heather K. McShain** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND OTHER RELIEF

Plaintiff oGorgeous Inc. d/b/a Popflex submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief (Dkt. No. 8).

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF FACTS ...................................................................................4

      A.    The Popflex Pirouette™ Skort Embodies the '983 and '307 Patents................5

      B.    Defendants' Unlawful Activities .....................................................................8

III.  ARGUMENT ......................................................................................................12

      A.    Legal Standard Governing Requests for a Temporary Restraining Order ......13

      B.    Jurisdiction .....................................................................................................14

      C.    Popflex is Likely to Succeed on the Merits Of Design Patent Infringement ..14

      D.    There Is No Adequate Remedy at Law, and Popflex Will Suffer Irreparable
            Harm in the Absence of Preliminary and Emergency Relief ..........................18

      E.    The Balance of Harms Weighs in Popflex's Favor, and the Public Interest Is
            Served by Entry of an Injunction....................................................................20

IV.   THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE.....................................21

      A.    A TRO Immediately Enjoining Defendants' Unauthorized and Unlawful Use
            of The '983 and '307 Patented Designs Is Necessary and Appropriate Here .21

      B.    Preventing the Fraudulent Transfer of Assets Is Necessary and Appropriate.22

V.    POPFLEX IS ENTITLED TO EXPEDITED DISCOVERY.....................................23

VI.   A $1,000.00 BOND IS APPROPRIATE ................................................................23

VII.  CONCLUSION ...................................................................................................24

Plaintiff oGorgeous Inc. d/b/a Popflex ("Plaintiff" or "Popflex") filed this design patent infringement action against Defendants jian ou shi ku lei xi mao yi you xian gong si d/b/a Cresay Stores ("Cresay") and Shufan Qiu d/b/a Meow Meow Lace ("Meow") (collectively, "Defendants") based on Defendants' sale of products that infringe Plaintiff's U.S. Patent No. D1,010,983 ("'983 Patent") and U.S. Patent No. D1,063,307 ("'307 Patent"). The '983 Patent and the '307 Patent are directed to the ornamental design of a "skort" (a combination skirt with built-in compression shorts), and embody Popflex's flagship Pirouette™ tiered skort product. By their infringement, Defendants, which appear to source their infringing skort products from the same foreign supplier, unfairly compete with Plaintiff's own sales of products that practice the '983 Patent and the '307 Patent.

Given the grievous nature of the harm Plaintiff is suffering, including significant loss of sales and irreparable damage to its reputation and market position leading into the busy summer months (when skort products are particularly highly in demand), Plaintiff seeks entry of an *Ex Parte* Temporary Restraining Order ("TRO") against Defendants that includes a temporary injunction, a temporary asset restraint, and expedited discovery to determine the extent of Defendants' infringement and the ultimate source of the Infringing Products (as that term is defined hereinbelow).

Plaintiff is unaware of a mechanism for contacting Defendants, and as such is unable to confer pursuant to this Court's Civil Motion Practice Procedures. Plaintiff will apprise Defendants of the pending Motion using whatever means are ordered by the Court, as well as any other means or mechanisms that become known to Plaintiff in the future.

## I. INTRODUCTION

This is a design patent infringement case. Plaintiff is the owner of the '983 and '307 Patents, and thus has the sole and exclusive right to enforce those patents. As alleged in

Plaintiff's Complaint, Defendants are, inter alia, making, importing, offering for sale, and/or selling unauthorized and unlicensed products that infringe the '983 and '307 Patents in the form of unauthorized skort products—these products are referred to herein (and defined in more detail below) as the "Infringing Products." The Infringing Products are nearly identical, if not identical, to the ornamental designs claimed in the '983 and '307 Patents.

Defendant Cresay has engaged in its particular unlawful conduct through a fully interactive, commercial internet storefront on Amazon.com:



https://www.amazon.com/stores/CRESAY/page/1A434FE1-0B49-4696-9048-3999EE19BC64

Among other things, Defendant Cresay sells the following infringing skort product on its Amazon.com storefront:



https://www.amazon.com/Cresay-Pleated-Waisted-Running-Pockets-Purple-L/dp/B0F1Y8BCW8?ref_=ast_sto_dp&th=1&psc=1.

Defendant Meow has engaged in nearly identical, unlawful conduct through a fully interactive, commercial internet storefront on Amazon.com:



https://www.amazon.com/s?i=merchant-items&me=A5NQMC5H2H0WE

Among other things, Defendant Meow sells the following skort product on its Amazon.com storefront:



 https://www.amazon.com/Womens-Pleated-Waisted-Running-Pockets/dp/B0DHRLF9P6/?th=1&psc=1.

Defendants are not ordinary infringers. They are ethereal foreign actors who create interactive seller aliases on Amazon.com, and then use those aliases to reach out to U.S. residents, including residents of this State and District, to sell Infringing Products. Defendants take steps to conceal their identity to avoid liability for their design patent infringement. As a result of an inability to determine who Defendants actually are, and knowing only that they source their infringing products from the same place (by virtue of using identical marketing photos, making available identical colorways, and labeling their products with identical, Chinese model numbers, as described below) Plaintiff is left with no choice but to seek *ex parte* injunctive recourse through this action. Livits Decl. ¶¶34-35.

Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue *Ex Parte* a Temporary Restraining Order and Other Relief as provided for in Rule 65(b) of the Federal Rules of Civil Procedure.

**II.     STATEMENT OF FACTS**

A.      The Popflex Pirouette™ Skort Embodies the '983 and '307 Patents

Popflex is a leading activewear brand that manufactures all kinds of apparel to support active lifestyles.  Declaration of Sam Livits, Popflex Chief Operating Officer ("Livits Decl.") at ¶¶1-4.  Popflex began based on the vision of Cassey Ho, then a Pilates instructor looking to keep in touch with her clientele.  *Id.*  Ms. Ho designed her first product—a yoga bag—and from there Popflex (and its sister brand, Blogilates) has grown into a global force, selling products in numerous sales channels.  *Id.*  Today, Popflex's innovative product offerings help improve women's lives and their relationship with their bodies.  *Id.*  Many of Popflex's designs have gone viral and been worn by high-profile celebrities.  *Id.*  Alongside her husband Sam Livits, and a high performing, predominately female team, Popflex is focused on creating innovative products to solve problems, while of course, making sure its customers feel great and look cute.  https://www.popflexactive.com/; Livits Decl. ¶5.

Popflex's first patent—the '983 Patent—was granted on the designs embodied in the now-viral Pirouette™ Skort.  The '307 Patent issued as a divisional of the '983 Patent, and covers similar (although generally broader) scope.  As a result, copycat products of the Pirouette™ skort (including those sold by Defendants) infringe both the '983 and the '307 Patents.  Livits Decl. ¶¶5-6.

Popflex sells its Pirouette™ skort on its branded website as follows:



https://www.popflexactive.com/collections/pirouette-skorts; Livits Decl. ¶¶7, 18.

Popflex owns by assignment the '983 and '307 Patents, which cover the ornamental design of a skort product. Livits Decl. ¶8. Figures 1 of the '983 Patent and '307 Patent, below, demonstrate this scope:



Livits Decl. Ex A ('983 Patent) Fig. 1; Ex. B ('307 Patent) Fig. 1.

Because the Popflex Pirouette™ skort embodies the ornamental designs claimed in the '983 and '307 Patents, Popflex virtually marks the Pirouette™ skort with the '983 and '307 Patents:

6



Livits Decl. ¶9; https://www.popflexactive.com/pages/patents. In addition, Popflex actually physically marks its Pirouette™ skort products with the '983 Patent by affixing the '983 Patent numbers to the labels of those products:



Livits Decl. ¶10.

While Popflex does not sell its Pirouette™ skort on Amazon.com, a simple search for "Popflex pirouette skort" demonstrates the extent of entities selling products using Popflex's

trademarks on Amazon.com; as of the date of this Motion, there were 198:



https://www.amazon.com/s?k=popflex+pirouette+skort&crid=BFMJAF3X45TH&sprefix=popfl
ex+pirouette+skor%2Caps%2C191&ref=nb_sb_noss_2.

Popflex has generated millions of dollars in revenue from sales of its products, primarily through its own brand.  Livits Decl. ¶¶4, 11.

**B.     Defendants' Unlawful Activities**

The success of Popflex's Pirouette™ skort has resulted in significant infringement of the '983 Patent and the '307 Patent.  Livits Decl. ¶21.  Defendants are two of but several infringers, and due to the identity of their colorways (albeit shown on Amazon.com in different orders), Popflex believes that Defendants source their infringing products from the same place.  Livits Decl. ¶22.



Livits Decl. ¶35.  In addition, the packaging of the Cresay and Meow products is nearly identical as received by a customer in Illinois, with each product indicating that the Model Number (Chinese characters 款号) is the same:  E24D0508:

8



Livits Decl. ¶36..  This indicates that the source of the products sold into the United States by Defendants is indeed the same.

Due to the prolific infringement of the '983 Patent and the '307 Patent, Popflex actively monitors Amazon.com, among other online web marketplaces, for infringing products.  Livits Decl. ¶¶2, 30.  Through this monitoring, Popflex has identified Defendants' fully interactive e-commerce stores, through which Defendants are importing, offering for sale, and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. Livits Decl. ¶¶22-24.

A representative example of Defendant Cresay's infringing product is below.  Complaint (Dkt. No. 1) at ¶¶ 51, 60; Livits Decl. ¶25  The identical appearance between Defendant Cresay's Infringing Products and Popflex's Pirouette™ skort is undeniable:

 

A representative example of Defendant Meow's infringing product is below. Complaint (Dkt. No. 1) at ¶¶ 69, 78; Livits Decl. ¶26. The identical appearance between Defendant Meow's Infringing Products and Popflex's Pirouette™ skort is similarly undeniable:

 

Indeed, perusing the reviews left by consumers of the Cresay and Meow Infringing Products on Amazon.com confirms that consumers themselves understand the Cresay and Meow products to be "knockoffs" or "dupes" of the Popflex Pirouette skort. Livits Decl. ¶¶31-32.

The following table summarizes the Amazon Seller Identification Numbers ("ASINs") of products sold by Defendants on Amazon that reflect different colors and/or sizes of the same, infringing products shown above for the respective Defendants:

| Cresay Amazon.com URLs | Cresay ASIN |
|---|---|
| https://amazon.com/dp/B0D52ZSM83 | B0D52ZSM83 |

| | |
|---|---|
| https://amazon.com/dp/B0D533VKX1 | B0D533VKX1 |
| https://amazon.com/dp/B0D53P518H | B0D53P518H |
| https://amazon.com/dp/B0D53HCZHW | B0D53HCZHW |
| https://amazon.com/dp/B0D53DG338 | B0D53DG338 |
| https://amazon.com/dp/B0D537J67J | B0D537J67J |
| https://amazon.com/dp/B0D52FM3KS | B0D52FM3KS |
| https://amazon.com/dp/B0D53DHFYB | B0D53DHFYB |
| https://amazon.com/dp/B0D53LJ6X1 | B0D53LJ6X1 |
| https://amazon.com/dp/B0D538YT42 | B0D538YT42 |
| https://amazon.com/dp/B0D53B4Z9Z | B0D53B4Z9Z |
| https://amazon.com/dp/B0D53D4YM7 | B0D53D4YM7 |
| https://amazon.com/dp/B0F3SX6P9W | B0F3SX6P9W |
| https://amazon.com/dp/B0F3T79QQY | B0F3T79QQY |
| https://amazon.com/dp/B0F3T9R989 | B0F3T9R989 |
| https://amazon.com/dp/B0F3T9WN3J | B0F3T9WN3J |
| https://amazon.com/dp/B0F3TBZHG2 | B0F3TBZHG2 |
| https://amazon.com/dp/B0F3TKVT84 | B0F3TKVT84 |
| https://amazon.com/dp/B0F3TCH39F | B0F3TCH39F |
| https://amazon.com/dp/B0F3TDXRLH | B0F3TDXRLH |
| https://amazon.com/dp/B0D53GSZB2 | B0D53GSZB2 |
| https://amazon.com/dp/B0D53LKNSN | B0D53LKNSN |
| https://amazon.com/dp/B0D53GV4H8 | B0D53GV4H8 |
| https://amazon.com/dp/B0D53BHFW6 | B0D53BHFW6 |
| https://amazon.com/dp/B0D53LLR2D | B0D53LLR2D |
| https://amazon.com/dp/B0D53GTG1P | B0D53GTG1P |
| https://amazon.com/dp/B0D53Q42TN | B0D53Q42TN |
| https://amazon.com/dp/B0D52XF3T5 | B0D52XF3T5 |
| https://amazon.com/dp/B0F3THV7SX | B0F3THV7SX |
| https://amazon.com/dp/B0F3TD5HFS | B0F3TD5HFS |
| https://amazon.com/dp/B0F3TFGKHJ | B0F3TFGKHJ |
| https://amazon.com/dp/B0F3TGT71T | B0F3TGT71T |
| https://amazon.com/dp/B0F1Y7WQRQ | B0F1Y7WQRQ |
| https://amazon.com/dp/B0F1Y7NMF2 | B0F1Y7NMF2 |
| https://amazon.com/dp/B0F1Y8BCW8 | B0F1Y8BCW8 |
| https://amazon.com/dp/B0F1Y7V223 | B0F1Y7V223 |
| https://amazon.com/dp/B0D53GZ676 | B0D53GZ676 |
| https://amazon.com/dp/B0F1Y7NMF2 | B0F1Y7NMF2 |
| https://amazon.com/dp/B0F1Y8BCW8 | B0F1Y8BCW8 |
| https://amazon.com/dp/B0F1Y7V223 | B0F1Y7V223 |
| **Meow Amazon.com URLs** | **Meow ASIN** |
| https://amazon.com/dp/B0DHRMWMW1 | B0DHRMWMW1 |
| https://amazon.com/dp/B0DHRLWNW9 | B0DHRLWNW9 |
| https://amazon.com/dp/B0DHRQC71N | B0DHRQC71N |
| https://amazon.com/dp/B0DHRN1WV2 | B0DHRN1WV2 |
| https://amazon.com/dp/B0DHRMGNGD | B0DHRMGNGD |

| | |
|---|---|
| https://amazon.com/dp/B0DHRPKRXF | B0DHRPKRXF |
| https://amazon.com/dp/B0DHRNNKDD | B0DHRNNKDD |
| https://amazon.com/dp/B0DHRLDJCV | B0DHRLDJCV |
| https://amazon.com/dp/B0DHRKNFCD | B0DHRKNFCD |
| https://amazon.com/dp/B0DHRN8G2P | B0DHRN8G2P |
| https://amazon.com/dp/B0DHRLMBMF | B0DHRLMBMF |
| https://amazon.com/dp/B0DHRN19CS | B0DHRN19CS |
| https://amazon.com/dp/B0F2SHD9TN | B0F2SHD9TN |
| https://amazon.com/dp/B0F2SJ8MHB | B0F2SJ8MHB |
| https://amazon.com/dp/B0F2S96BCF | B0F2S96BCF |
| https://amazon.com/dp/B0F2SS25VH | B0F2SS25VH |
| https://amazon.com/dp/B0F2SCDLXN | B0F2SCDLXN |
| https://amazon.com/dp/B0F2SMK7JJ | B0F2SMK7JJ |
| https://amazon.com/dp/B0F2S7Z92F | B0F2S7Z92F |
| https://amazon.com/dp/B0F2SLKK1W | B0F2SLKK1W |
| https://amazon.com/dp/B0DHRNGN81 | B0DHRNGN81 |
| https://amazon.com/dp/B0DHRMZB7W | B0DHRMZB7W |
| https://amazon.com/dp/B0DHRNP823 | B0DHRNP823 |
| https://amazon.com/dp/B0DHRLFWCJ | B0DHRLFWCJ |
| https://amazon.com/dp/B0DHRLF9P6 | B0DHRLF9P6 |
| https://amazon.com/dp/B0DHRMPDKX | B0DHRMPDKX |
| https://amazon.com/dp/B0DHRM7NRF | B0DHRM7NRF |
| https://amazon.com/dp/B0DHRMYHTQ | B0DHRMYHTQ |
| https://amazon.com/dp/B0DHRPKTJK | B0DHRPKTJK |
| https://amazon.com/dp/B0DHRLKBZ3 | B0DHRLKBZ3 |
| https://amazon.com/dp/B0DHRMSQ3N | B0DHRMSQ3N |
| https://amazon.com/dp/B0DHRNJQ4T | B0DHRNJQ4T |
| https://amazon.com/dp/B0F2SC1TBJ | B0F2SC1TBJ |
| https://amazon.com/dp/B0F2STPR53 | B0F2STPR53 |
| https://amazon.com/dp/B0F2SQRL6T | B0F2SQRL6T |
| https://amazon.com/dp/B0F2SCRWQK | B0F2SCRWQK |
| https://amazon.com/dp/B0F2S36PMG | B0F2S36PMG |
| https://amazon.com/dp/B0F2SB45QM | B0F2SB45QM |
| https://amazon.com/dp/B0F2SGBTVR | B0F2SGBTVR |
| https://amazon.com/dp/B0F2SFX549 | B0F2SFX549 |

Complaint (Dkt. No. 1) at ¶ 41; Livits Decl. ¶28. Collectively, this list of ASINs (as well as any newly discovered ASINs that may crop up, *see* Livits Decl. ¶29) having the same design as is shown above represent the "Infringing Products."

## III.    ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to

cause irreparable harm to Popflex, its reputation, and its business. Under Rule 65(b) of the Federal Rules of Civil Procedure, this Court may issue an *ex parte* TRO where, as here, "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

More specifically, the entry of a TRO is necessary to immediately stop Defendants from benefiting from its wrongful use of the '983 Patent and the '307 Patent, and to preserve the status quo until a hearing can be held. Without the entry of an *ex parte* TRO, Defendants can and likely will continue to infringe the '983 Patent and the '307 Patent Patent/and or will register new e-commerce stores under new aliases and move the assets they have already wrongfully obtained through infringement to offshore bank accounts outside the jurisdiction of this Court.

This problem is so pervasive that Courts have specifically recognized the need for an *ex parte* TRO in these circumstances. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers").

### A. Legal Standard Governing Requests for a Temporary Restraining Order

To obtain a TRO, a movant must show: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). If the movant fulfills this burden, then the Court must consider the harm that the nonmoving party will suffer if preliminary relief is granted and balance any such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect of the TRO on the public interest. *Id*.

The Court conducts this analysis by weighing the factors "sitting as would a chancellor in equity." *Abbott Labs. v. Mead Johnson & Co*., 971 F.2d 6, 11 (7th Cir. 1992). This is done by

13

using what the Court has deemed "the sliding scale approach"—i.e., the more likely a plaintiff is to succeed on the merits, the less the balance of harms need favor plaintiff's position. *Id*. at 12.

### B.    Jurisdiction

This Court has subject matter jurisdiction over the claims as they arise under the provisions of the Patent Act, 35 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1338(a) and 1331.

This Court further has personal jurisdiction over the Defendants as they are each foreign entities that are not subject to jurisdiction in any state and exercising jurisdiction is consistent with the U.S. Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2); *see also Christian Dior Couture, S.A. v. Lei Liu et al*., 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required).

Finally, venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive internet listings of the seller aliases. Defendants have done this by setting up and operating e-commerce stores that target U.S. consumers and through which Illinois residents can purchase (and have purchased) Infringing Products. *See Monster Energy Co. v. Zheng Peng*, Case No. 17-cv-414, 2017 WL 47732769, at *7 (N.D. Ill. Oct. 23, 2017); Livits Decl. ¶34.

### C.    Popflex is Likely to Succeed on the Merits Of Design Patent Infringement

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc*., 997 F.2d 1444, 1450 (Fed. Cir. 1993).  Design patent infringement analysis is governed by the "ordinary observer" test, which the Federal Circuit has articulated as follows: "[If] in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are

14

substantially the same, if the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Amini Innovation Corp. v. Anthony California, Inc.,* 211 F. App'x 988, 2007 WL 43262, at **2 (Fed. Cir. Jan. 8, 2007). Design patent infringement requires that the accused design misappropriate the novel ornamental features of the patented design that distinguish it from the prior art. *Oakley, Inc. v. Int'l Tropic-Cal, Inc.,* 923 F.2d 167, 169 (Fed. Cir. 1991).

Defendants make, use, sell, offer to sell, and/or import into the United States products that infringe the '983 Patent and the '307 Patent. Livits Decl. ¶¶23, 27. In the eye of an ordinary observer, the design of Defendants' Infringing Products and the design claimed in the '983 and '307 Patents are substantially the same; indeed, they are virtually identical, given that they are Pirouette™ skort knockoffs. *Id.* The following claim charts demonstrate this infringement by each Defendant of each of the '983 and '307 Patents:

| ‘983 Patent | Cresay Exemplary Infringing Product |
|:---:|:---:|
| <br>Fig. 1 | Image from<br>https://www.amazon.com/dp/B0F1Y7WQRQ |



| '307 Patent | Cresay Exemplary Infringing Product |
|---|---|
| Fig. 1 | Image from https://www.amazon.com/dp/B0F1Y7WQRQ |
| '983 Patent | Meow Exemplary Infringing Product |
| Fig. 1 | Image from https://www.amazon.com/dp/B0DHRLF9P6 |

16

| '307 Patent | Meow Exemplary Infringing Product |
|:---:|:---:|
| <br>Fig. 1 | Image from<br>https://www.amazon.com/dp/B0DHRLF9P6 |

Livits Decl. ¶27

        In deciding whether there has been infringement, the Court must inquire "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 672 (Fed. Cir. 2008). This inquiry necessitates a three-way visual analysis between the patented design, the accused design, and the prior art. *Id*.

        Here, the sameness between the '983 and '307 Patents, on the one hand, and the Infringing Products, on the other hand, deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have come from Popflex. Indeed, consumers believe these products to be knockoffs, or duplicates, of Popflex's products. Livits Decl. ¶¶31-32. Defendants' Infringing Products misappropriate the novelty of the design claimed in the '983 and '307 Patents that distinguishes those patents' designs from the prior art; indeed, they appear to be direct copies of Popflex's Pirouette™ skort products (and the designs claimed in the '983 and '307 Patents).

17

The strong similarities between the designs claimed in the '983 and '307 Patents and Defendants' Infringing Products demonstrate not only Popflex's substantial likelihood of success on the merits, but also that Defendants have willfully copied Popflex's design in an effort to create a knockoff, or "dupe." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993) (copying is strong evidence of willful infringement). Thus, Popflex has a strong likelihood of proving that Defendants have infringed the '983 and '307 Patents.

It is also unlikely that any Defendant will succeed in invalidating the '983 Patent or the '307 Patent. Those patents are presumed valid—a presumption which applies at every stage of litigation. *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). No party has challenged the validity of the '983 or '307 Patents, nor has any party identified any relevant prior art. Other than the prior art identified by the United States Patent and Trademark Office during examination (i.e., that which is cited on the face of the '983 Patent and the '307 Patent, and that which the '983 and '307 Patents were allowed over), Popflex is not aware of any other prior art that might affect the presumed validity of the '983 Patent or the '307 Patent. *See* Livits Decl. ¶¶12-13.

### D. There Is No Adequate Remedy at Law, and Popflex Will Suffer Irreparable Harm in the Absence of Preliminary and Emergency Relief

Irreparable harm resulting from patent infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury." *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). This is reflective of courts' general view that loss of control of a patent owner's design often results in irreparable harm. *See, e.g., Otter Prods. v. Anke Group Indus. Ltd.*, 2:13-cv-00029, 2013 WL 5910882, at *2 (D. Nev. Jan. 8, 2013) (explaining that absent the requested TRO, plaintiff was likely to suffer "irreparable injury…in the form of (a) loss of control over its intellectual property

18

rights; (b) loss of consumer goodwill; and (c) interference with [plaintiff's] ability to exploit the OTTERBOX trademarks and design patents."); *see also Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F.Supp.3d 1177, 1178-79 (D. Nev. 2016) ("Absent an ex parte temporary restraining order and seizure order, Bestwinn's importation, sale, and/or offers to sell its Flyknit Design Infringements will result in immediate and irreparable injury to NIKE in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with NIKE's ability to exploit the Flyknit Design Patents."). At this stage, Popflex needs only to show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In the patent context, the Federal Circuit has held that "[s]imply because a patentee manages to maintain a profit in the face of infringing competition does not automatically rebut a case for irreparable injury. Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F. 3d 1336, 1344 (Fed. Cir. 2013). It has also noted that where parties are competing, irreparable harm is likely to result from patent infringement. *Id.* at 1345. Loss of market share is also likely to support a finding of irreparable harm in the context of patent infringement. *Broadcom Corp. v. Emulex Corp.*, 732 F. 3d 1325, 1337 (Fed. Cir. 2013).

Defendants' unauthorized use of the designs claimed in the '983 Patent and the '307 Patent' has irreparably harmed, and continues to irreparably harm, Popflex through diminished goodwill and brand confidence, damage to Popflex's business reputation, loss of exclusivity, and loss of future sales. Livits Decl. ¶¶14-17, 19-20, 34, 37-42. Popflex has invested substantial

time, money, and effort creating and promoting the Pirouette™ skort products. *Id*. The extent of the harm to Popflex's business reputation and goodwill in the market, and the possible diversion of customers away from Popflex due to loss of confidence in Popflex's brand, is irreparable and incalculable. *Id*. Such harm, therefore, warrants immediate judicial halting of Defendants' infringing activities through injunctive relief. *See Promatek*, 300 F.3d at 813 (finding that damage to plaintiff's goodwill constituted irreparable harm for which plaintiff had no adequate remedy at law. Popflex will suffer immediate and irreparable injury, loss, and damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). *Id*. at ¶42. This is especially true during the summer months, where sales of Pirouette™ skort products is especially strong. *Id*. at ¶11.

### E. The Balance of Harms Weighs in Popflex's Favor, and the Public Interest Is Served by Entry of an Injunction

As noted, if the Court is satisfied that Popflex has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm, then it must next consider the harm that Defendants will suffer if preliminary relief is granted and balance such harm against the irreparable harm that Popflex will suffer if relief is denied. *Ty, Inc. v. Jones Grp., Inc*., 237 F.3d 891, 895 (7th Cir. 2001). Where the plaintiff stands to suffer significantly if a preliminary injunction is not entered due to lost control of its reputation and goodwill, the balance of harms weighs in favor of awarding injunctive relief. *Ty, Inc. v. Jones Group, Inc*., 98 F. Supp. 2d 988, 993 (N.D. Ill. 2000), aff'd, 237 F.3d 891 (7th Cir. 2001). Defendants have been profiting and will continue to profit from the sale of Defendants' Infringing Products. Livits Decl. ¶24. In so doing, Defendants have effectively unilaterally, and without authorization, eliminated the exclusivity that Popflex is entitled to under the Patent Act. Livits Decl. ¶41. In addition, each of the Defendants sells a substantial number of other products

they are offering on their Amazon.com storefronts, meaning that the hardship to the Defendants will be minimal (if at all).  *Id.* ¶22.  Thus, the balance of hardships tips decisively in Popflex's favor, and equity requires that Defendants be ordered to cease its unlawful conduct.

## IV.  THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Patent Act expressly authorizes courts to issue injunctive relief: "courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.

### A.  A TRO Immediately Enjoining Defendants' Unauthorized and Unlawful Use of The '983 and '307 Patented Designs Is Necessary and Appropriate Here

Popflex requests a TRO requiring Defendants to immediately cease all manufacture, use, offering for sale, sale, and importation of products embodying the designs claimed in the '983 and '307 Patents.  Such relief is necessary to stop the ongoing harm to Popflex and to the goodwill that consumers associate with Popflex's Pirouette™ skort products, and to prevent Defendants from continuing to profit from its infringement.  The need for *ex parte* relief in infringement cases is magnified in today's global economy where infringers can operate anonymously over the Internet.  *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. Apr. 4, 2015) (unpublished) (*Ex Parte* Motion for Temporary Restraining Order).

Due to the anonymous nature of Defendants, Popflex is currently unaware of the precise scope and volume of Defendants' infringement operation or if Defendants are operating additional e-commerce stores sell and distribute the Infringing Products.  In such cases, immediate injunctive relief in cases involving infringement is appropriate.  *See, e.g., Entm't One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 947 (N.D. Ill. 2019); *see also Sugartown*

*Worldwide LLC v. The Partnerships and Unincorporated Assocs. Identified on Schedule A*, Case No. 20-cv-5183 (MSS), D.I. 70 (Sept. 18, 2020) (TRO Order). This is particularly true where, as here, Popflex has been unable to contact Defendants through Amazon.com (or through any other mechanism). Livits Decl. ¶30.

**B.  Preventing the Fraudulent Transfer of Assets Is Necessary and Appropriate**

It is clear that Defendants have made profits as a result of their infringement. Livits Decl. ¶24. Because Defendants are unknown foreign entities, however, there is nothing to stop Defendants from transferring these profits to overseas accounts during the pendency of this case, which would render an accounting meaningless. To prevent this, Popflex also requests an *ex parte* restraint of Defendants' assets. In particular, Popflex asks the Court to prevent Defendants from transferring any money out of their Amazon.com accounts (or any accounts related thereto or associated therewith) to ensure that Defendants will comply with any subsequent judgment.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 325 (1999) (holding that asset freeze pending outcome of case was proper where plaintiff sought equitable relief); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question . . . were the profits of the [defendants] made by unlawfully stealing [the plaintiff's] services, the freeze was appropriate and may remain in place pending final disposition of this case."). Additionally, courts have the inherent equitable authority to grant plaintiff's request for a prejudgment asset freeze in order to ensure preservation of resources that may be used to satisfy a judgment. *Banister v. Firestone*, No. 17 C 8940, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018) (*citing Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013)).

22

Popflex has shown a strong likelihood of succeeding on the merits of its patent infringement claims. Should Popflex so prevail, Popflex would be entitled to both injunctive relief as well as either its lost profits or disgorgement of Defendants' profits. See 35 U.S.C. § 283. Unless Defendants' assets are restrained, Defendants will likely hide or move their ill-gotten funds to unidentifiable offshore bank accounts. Accordingly, an asset restraint is proper, and indeed necessary, here.

## V.     POPFLEX IS ENTITLED TO EXPEDITED DISCOVERY

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv- 06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (internal citations and quotations omitted). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id*. Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2).

Popflex requests expedited discovery to obtain information regarding bank and payment accounts that Defendants use for their infringing operations, as well as the Internet Protocol addresses that Defendants use to access their storefront(s). The requested, expedited discovery is limited to only that which is essential to prevent further irreparable harm. Discovery regarding Defendants' financial accounts is necessary so that the proper Defendants can be identified and its accounts restrained to ensure that Defendants' unlawful activities will be adequately limited. The foregoing constitutes good cause for ordering the expedited discovery sought. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249.

## VI.    A $1,000.00 BOND IS APPROPRIATE

The posting of security upon issuance of a TRO or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989).

Because of the strong and unequivocal nature of Popflex's evidence of infringement, and because it appears that Defendants are selling products sourced from the same entity (i.e., they are effectively alter egos of one another), Popflex respectfully requests this Court require it to post a bond of no more than two thousand U.S. dollars ($1,000.00). *See, e.g., PopSockets LLC v. The P'ships, et al*., No. 21-cv-990 (N.D. Ill. Feb. 4, 2021) (unpublished) ($1,000 bond per defendant).

## VII.   CONCLUSION

Defendants' infringement of the '983 and '307 Patents is impinging upon the exclusivity to which Popflex is entitled under the Patent Act.  Such unlawful activity on the part of Defendants is irreparably harming Popflex's businesses, its reputation, and its marketplace goodwill. Without entry of the requested relief, Defendants' sale of Infringing Products herein will continue to irreparably harm Popflex in ways not compensable monetarily. Entry of an *ex parte* injunction is necessary here. Popflex respectfully requests that this Court enter a Temporary Restraining Order of the nature identified and discussed herein.

Dated: June 27, 2025                                  Respectfully submitted,

*/s/ Benjamin E. Weed*
Benjamin E. Weed
BEW, LLC
ben@bewlawyer.com

**ATTORNEY FOR PLAINTIFF**
**OGORGEOUS INC.**